# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PARAGON TANK LEASING, LLC,

        Plaintiff,

v.                                                                          Case No. 09-CV-513

RICCELLI ENTERPRISES, INC. and
RICHARD J. RICCELLI,

        Defendants.

## ORDER

       Plaintiff Paragon Tank Leasing, Inc. ("Paragon") filed this diversity action alleging that defendant Riccelli Enterprises Inc. ("Riccelli Enterprises") and Richard J. Riccelli ("Mr. Riccelli," collectively referred to as "Riccelli") breached a contract for the lease of tank trailers and breached a personal guaranty for payment of the lease. Paragon now files a motion for partial summary judgment declaring the Lease Master Agreement with Supplements ("lease agreement") signed by the parties to be unambiguous and enforceable. Paragon's motion seeks to forestall any future argument by Riccelli about the validity of the lease agreement's language or about latent ambiguity arising from the language. Because Riccelli does not oppose Paragon's arguments regarding the unambiguous nature of the lease agreement language, the court will grant partial summary judgment on the issue. However, the grant of partial summary judgment does not implicate the remaining issues of liability and damages.

## BACKGROUND

Paragon filed proposed findings of fact in support of its motion. Riccelli did not oppose these proposed facts and the court will rely upon them pursuant to Civil Local Rule 56.2(e).[1] The rule states that: "in deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Civ. L.R. 56(e). Therefore, the court determines that these facts are not in dispute and will rely upon them in deciding the motion for partial summary judgment.

Paragon and Riccelli Enterprises entered into a lease agreement on June 28, 2006, for the lease of eleven tank trailers. Under the agreement, Riccelli Enterprises agreed to pay timely rent each month in the amount of $1,000 for certain tank trailers and $1,100 per month for others. The agreement required Riccelli Enterprises to maintain and repair the tank trailers and to return them in a particular condition, or face the consequences laid out in the agreement. The lease agreement entered into by Riccelli Enterprises was also personally guaranteed by Mr. Riccelli.

## ANALYSIS

The issue before the court is neither involved nor complex. Indeed, argument presented by both parties in the motion brief, the response brief, and the reply brief comprises only six total pages. The defendants render the court's task even easier

---

[1] The court applies Civil Local Rule 56.2(e) because it was the operative rule at the time the parties filed their motion and briefs. However, the rules were subsequently amended and Rule 56.2(e) was supplanted by Civil Local Rule 56(b)(4).

by failing to directly oppose Paragon's motion. Paragon seeks a declaration that the language of the lease agreement is unambiguous. The defendants do not argue that the contract language *is* ambiguous in response. Instead, the defendants respond by stating that the court cannot grant summary judgment because Paragon's motion does not address the ambiguity of the lease agreement in the context of the alleged breach. The defendants cite to no authority and rely only upon the following assertions:

> The plaintiff offers no evidence as to what provisions of the lease supposedly are unambiguously implicated by the defendants' supposed breach. The plaintiff also offers nothing in support of ambiguity or lack of ambiguity, other than citing provisions of the contract, which provisions cannot be evaluated for ambiguity without context.

(Defs.' Resp. Br., at 1-2). The court disagrees with the defendants' conclusion that summary judgment cannot be granted.

A court can issue summary judgment as to a matter of law on which no genuine issue of material fact remains. Fed. R. Civ. P. 56(c)(2). Here, the defendants fail to establish that an issue of material fact exists regarding the enforceability of the lease agreement. Once confronted with a summary judgment motion, the opposing party must present evidence on which the jury could reasonably find for the non-moving party. *Rozskowiak v. Village of Arlington Hts.*, 415 F.3d 608, 612 (7th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). The defendants fail to present any such evidence. If the defendants believe the lease language to be ambiguous, the response brief was their

-3-

opportunity to argue this position to the court. The defendants chose not to do so and have waived any argument regarding ambiguity of the contract language. *See Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007) (stating that a party forfeits any argument that it fails to raise in its brief opposing summary judgment). Therefore, the defendants offer the court no reason to deny the motion for partial summary judgment.

However, the court cannot automatically grant summary judgment in Paragon's favor simply because the defendants offered no effective opposition to the motion. A court may issue summary judgment in the absence of opposition only if, after construing all material facts in the movant's favor, it finds that summary judgment is appropriate as a matter of law. *Wienco, Inc. v. Katahn Assocs.*, 965 F.2d 565, 568 (7th Cir. 1992); Fed. R. Civ. P. 56(e)(2). After construing all relevant facts in the instant case, the court finds that it may appropriately issue partial summary judgment regarding the contract language. Paragon presents the lease agreement language itself in support of its motion that the language is unambiguous. The court does not spy any patent ambiguity and the facts of the case as presented do not suggest any latent ambiguity.[2] Further, the defendants do not assert any ambiguity in either their response to the motion for summary judgment, or in their answer to the complaint. Instead, the defendants' answer states that the terms of the lease

---

[2] A patent ambiguity is ambiguity that appears on the face of the contract and is apparent to even an innocent reader. *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 543 (7th Cir. 2000). In contrast, a latent ambiguity is ambiguity about the terms of a contract that an uninformed reader would not notice, but which is only revealed when the contract is applied to a particular dispute. *Id.* at 542-43.

-4-

agreement "speak for themselves." Consequently, the court will grant Paragon's request for partial summary judgment and declare the lease agreement to be unambiguous.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for partial summary judgment (Docket #9) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge